# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 11-00027-01/02-CR-W-DGK |
| RANDY A. ADDISON, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

Pending before the Court is Defendant's *pro se* motion to withdraw his guilty plea (Doc. 43). Mr. Addison moves to withdraw his guilty plea pursuant to Rule 11(d)(2)(B).

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a guilty plea before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. The defendant bears the burden of establishing such a reason. *U.S. v Bastian*, 603 F.3d 460, 464 (8th Cir. 2010). "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [the defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. McMullen,* 86 F.3d 135, 137 (8th Cir.1996). To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 669 (1984). The rule requires more than mere dissatisfaction with an attorney. "While such dissatisfaction may be considered in determining whether a defendant has established a fair and just reason to withdraw his plea, it is not dispositive." *Bastian*, 603 F.3d at 464 (internal citations omitted).

On June 8, 2011, Mr. Addison pled guilty to the crimes of conspiracy to distribute cocaine base, possession with the intent to distribute cocaine base, possession with intent to distribute cocaine, and distribution of cocaine base. Mr. Addison now objects to his plea of guilty, arguing that the plea agreement is unfair to him. In particular, Mr. Addison alleges that his attorney, Ron Partee, "scared [him] and rushed [him] into a plea before [his] court date" and that he did not have an opportunity to look over the plea before his June 8th hearing (Doc. 43). Mr. Addison asserts that if the plea had been explained to him before his court date, he would not have "signed [his] life away." *Id*.

While ineffective assistance of counsel may be a "fair and just" reason to allow Defendant to withdraw his guilty plea, Defendant's statements to the Court, made under oath at his change of plea hearing, make it clear that Defendant believed his attorney provided fair and adequate representation. In addition, the transcript shows that Defendant was aware of the charges against him and the sentences associated with those charges.

During his forty-eight minute long hearing, the Court carefully reviewed with Mr. Addison the factual basis for his guilty plea and the penalties associated with it to ensure that he understood the nature of the proceeding and the charges against him. The Court specifically questioned Mr. Addison regarding the quality of his counsel.

> THE COURT: Has anyone other than Mr. Ron Partee represented you in this case, sir?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you satisfied with his representation?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any complaints about anything he did

or did not do on your behalf?

THE DEFENDANT: No.

(Doc. 44 at 8).

The Court went on to discuss each of the Counts in the plea agreement, and the Defendant repeatedly noted that he understood the nature of the charges.

> THE COURT: That's Count 1 of this indictment that you're pleading guilty to. Do you understand the nature of that charge?
>
> THE DEFENDANT: Yes.

(Doc. 44 at 10).

The Defendant also noted that he understood the sentence associated with those charges.

> THE COURT: Count 5 of the indictment carries with it a maximum sentence of 20 years in prison, a term of supervised release of not less than 3 years, a maximum fine of a million dollars, and a mandatory special assessment of $100. Do you understand that I can impose a sentence anywhere within those terms on Count 5 upon your plea of guilty?
>
> THE DEFENDANT: Yes.

(Doc. 44 at 18).

Finally, the Court clarified with Defendant that he intended to plead guilty to the Counts before him in the plea agreement:

> THE COURT: Now, before you came here today, you intended to plead guilty to Counts 1, 2, 3, 5, 6 and 7; is that right?

> THE DEFENDANT: Yes.
>
> (Doc. 20).

Consequently, Defendant's motion must be denied. There is no evidence that Defendant's attorney was ineffective in any way. At the change of plea hearing, Defendant testified he was satisfied with his representation and that did not have any complaints about anything his attorney did or did not do. In addition, there is no evidence that Defendant did not understand the nature of the charges against him or the sentences associated with those charges.

Finding no fair and just reason to allow Mr. Addison to withdraw his guilty plea, the motion is DENIED.

**IT IS SO ORDERED.**

Date: October 17, 2011                                     /s/ Greg Kays

                                                                     GREG KAYS, JUDGE
                                                                      UNITED STATES DISTRICT COURT